IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICTOR MARTINEZ (02),

    Defendant.

Case No. 15-40058-02-DDC

**MEMORANDUM AND ORDER**

On July 1, 2015, the government charged Victor Martinez and Nancy Moreno-Magana with possession of methamphetamine with intent to distribute it and also with conspiring to possess methamphetamine with intent to distribute it. *See* Doc. 1. The government based those charges on evidence discovered during a February 22, 2015 search of a rental car occupied by Mr. Martinez and Ms. Moreno-Magana. Law enforcement had used real-time, GPS location pings returned by Mr. Martinez's and Ms. Moreno-Magana's cellular phones to find the rental car while it was in Kansas. Mr. Martinez and Ms. Moreno-Magana both moved to suppress the evidence seized during the search of the car, arguing that law enforcement had pinged their phones unlawfully. On February 3, 2016, the Court denied Mr. Martinez's and Ms. Moreno-Magana's motions. *See* Doc. 70. This matter is now before the Court on Mr. Martinez's Motion for Reconsideration (Doc. 76). For reasons explained below, the Court denies this motion as well.

**I.     Legal Standard**

In criminal cases, motions to reconsider rulings on pretrial motions are rare. *See United States v. Carr*, No. 06-40147-02-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2007)

1

(citation omitted).  Thus, "courts in this district apply the standards for evaluating a motion to reconsider in the civil context to such motions."  *United States v. Lawson*, No. 08-20039-CM, 2008 WL 3850486, at *1 (D. Kan. Aug. 15, 2008) (citing *Carr*, 2007 WL 1989427, at *1; *United States v. Anderson*, Nos. 03-3009-JWL, 98-20030-01-JWL, 2003 WL 22436270, at *2 (D. Kan. Oct. 22, 2003)).

D. Kan. Rule 7.3(b) requires a party seeking reconsideration to base its motion on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  A motion to reconsider is proper where the Court "has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence."  *Comeau v. Rupp*, 810 F. Supp. 1172, 1174 (D. Kan. 1992).  A motion to reconsider is inappropriate, however, if the movant seeks only to revisit issues or argument already presented.  *See United States v. D'Armond*, 80 F. Supp. 2d 1157, 1171 (D. Kan. 1999).  While the Court has discretion whether to grant a motion for reconsideration, s*ee United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (citing *United States v. Barajas-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004)), the Court, in fact, has considered all the arguments that Mr. Martinez advances in his motion.

**II.   Analysis**

Mr. Martinez contends that the Court misapprehended the facts and "'exceeded the bounds of permissible choice'" when it denied his motion to suppress.  Doc. 76 at 1 (quoting *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008)).  Specifically, Mr. Martinez asserts:

> The Court denied defendants' motions to suppress because it found that Agent Pipkin acquired lawful warrants from the state court judge and sent them to T-

2

> Mobile before T-Mobile commenced pinging defendants' telephones. Doc. 70 at 12. In its order, the Court stated that "the credible evidence shows that Agent Pipkin secured warrants and provided them to T-Mobile before law enforcement received any of the ping results." *Id*. at 13. The Court's rationale for denying defendants' motions to suppress rests on this critical fact, which defendant Martinez contends is not supported by the evidence.

Doc. 76 at 2.

Mr. Martinez argues that the record does not support the Court's conclusion for two reasons. First, he points to the Court's interpretation of testimony by Kansas Bureau of Investigation ("KBI") Special Agent Nick Pipkin at a November 16, 2015 hearing. There, Agent Pipkin testified, as relevant here, as follows:

> Q. Okay. Now, simultaneously with you contacting T-Mobile a warrant is obtained from a state district court judge, correct?
>
> A. Yes.
>
> . . . .
>
> Q. Okay. Why do both?
>
> A. Past practice and what I was told, because I have not done many pings in my career, is that you need an affidavit for that signed by a judge. So I went ahead and did that. It was on a weekend. . . . I eventually got ahold of T-Mobile to actually speak to a person. . . . I gave them what I had. I had said, I have an affidavit. They then asked me a couple other questions and the exigency came up. I then explained what I had. The individual I was then speaking with said, well, that is exigent circumstances. You don't need an affidavit for exigent circumstances. We can just turn it on immediately. And I said, that's great. I had already faxed the affidavit prior to that.

Doc. 58 at 139-40. In context, the Court understood Agent Pipkin's reference to an "affidavit" signed by a judge to mean the two warrants Agent Pipkin secured from a state court judge. Those two warrants, signed, dated, and inscribed with the time of the judge's signature, authorized the KBI to ping the location data on Mr. Martinez's and Ms. Moreno-Magana's phones. Mr. Martinez contends that the Court's understanding of Agent Pipkin's testimony was

clear error because the government did not reconcile the confusion created by the questioner's use the word "warrant" with the Agent's use of the word "affidavit." Mr. Martinez asserts that Agent Pipkin's testimony proves only that he sent an affidavit in support of the warrants—not the actual warrants—to T-Mobile. Second, Mr. Martinez contends that the record does not support the Court's conclusion that Agent Pipkin sent the warrants to T-Mobile before it initiated pings. Neither of Mr. Martinez's arguments is persuasive.

"'[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *United States v. Colonna*, 360 F.3d 1169, 1175 (10th Cir. 2004) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)). Here, the government asked Agent Pipkin why he had obtained a *warrant* before requesting that T-Mobile track Mr. Martinez's and Ms. Moreno-Magana's phones. Agent Pipkin replied that he had done so because, he believed, he needed an *affidavit* signed by a judge before pinging GPS location data. Agent Pipkin also testified that he had submitted such an "affidavit" to T-Mobile before contacting the carrier to initiate pings. The Court considered the disconnect between the word used in the question and Agent Pipkin's response and concluded that Agent Pipkin was referring to the two warrants that he obtained from a Kansas state court judge on February 21, 2015. No one seems to contest the fact that Agent Pipkin had procured those warrants before electronic surveillance began. Given the government's line of questioning and the context of Agent Pipkin's hearing testimony, the Court's conclusion constitutes a permissible interpretation of evidence. See *Colonna*, 360 F.3d at 1175. The Court thus rejects Mr. Martinez's contention that its understanding of Agent Pipkin's testimony constituted clear error.

The Court also rejects Mr. Martinez's argument that the record does not support a conclusion that Agent Pipkin sent warrants to T-Mobile before it initiated pings. Agent Pipkin

testified that he sent the warrants before contacting T-Mobile. *See* Doc. 58 at 139-40. His testimony is substantial evidence and supports the Court's conclusion. In addition, once Agent Pipkin secured warrants permitting the KBI to track Mr. Martinez's and Ms. Moreno-Magana's phones, nothing in the Fourth Amendment or the case law applying it required him to serve T-Mobile with the warrants before pinging began. Indeed, our Circuit squarely has held that "there is no constitutional requirement that an officer present a warrant prior to a search." *United States v. Katoa*, 379 F.3d 1203, 1205 (10th Cir. 2004).

There is no dispute here. A state court judge signed two warrants authorizing the KBI to track the location of Mr. Martinez's and Ms. Moreno-Magana's phones before T-Mobile pinged them.[1] *See* Doc. 76 at 3 ("The evidentiary hearing established the following facts. (i) The state court issued the warrant to track Phone 3131 at 4:07 p.m. on February 21, 2015, and the warrant to track Phone 8316 at 4:11 p.m. the same day; (ii) The first ping on Phone 3131 was received by the government at 5:24 p.m. on February 21, 2015 . . . ." (internal citations omitted)). So, while the Court accredited Agent Pipkin's testimony and concluded that he had submitted the signed warrants to T-Mobile, the legality of the KBI's tracking of the phones does not turn on that finding. Instead, the Fourth Amendment required Agent Pipkin to secure warrants approving GPS pings. As the Court explained in its Order denying Mr. Martinez's suppression motion: "The Kansas judge, acting as a neutral intermediary, issued the warrants upon a showing of probable cause. Agent Pipkin thus had obtained the judicial authorization demanded by the Fourth Amendment and the Kansas statute before acquiring the locational data on defendants' phones." Doc. 70 at 15. The Court thus denies Mr. Martinez's Motion for Reconsideration.

---

[1] The state court judge signed the affidavit supporting Agent Pipkin's request for a warrant to track Mr. Martinez's phone at the same time as the warrant itself. *See* Doc. 45-1 at 2-3 (application and warrant signed at 4:11 p.m. on February 21, 2015). The first ping was provided at 5:24 p.m. on February 21, 2015. Doc. 53-3 at 2.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Victor Martinez's Motion for Reconsideration by the Court of its Order Denying Suppression (Doc. 76) is denied.

**IT IS SO ORDERED.**

**Dated this 25th day of April, 2016, at Topeka, Kansas.**

>     s/ Daniel D. Crabtree
>     **Daniel D. Crabtree**
>     **United States District Judge**